ALBANY,
August, 1820.

WATKINS
v.
HAIGHT.

*Cady*, contra. In *Shultys* v. *Owens*, (14 *Johns. Rep.* 345.) the Court said, that the plaintiff was not bound to wait twenty days after the replication tendering an issue, to which the *similiter* was added, before noticing the cause for trial, to see if the defendant would demur or not; and that the practice of striking out the *similiter* and demurring, &c. was a fraud upon the rule of *April* term, 1796, which was intended merely to allow the party time to put in a demurrer *bona fide*. The demurrer in this case, was not filed until after the *nisi prius* record was made up and sealed.

---

## WATKINS *against* HAIGHT.

The act relative to writs of error on judgments of Courts of Common Pleas, passed *April* 5th, 1817, (sess. 40. ch. 179.) is not *retrospective*, but prospective merely.

IN ERROR to the Court of C. P. of *Steuben* county. On the 20th of *June*, 1815, a rule for judgment was entered in the Court below; and on the 28th of *June*, the judgment record was signed, filed, and docketed. The writ of error, was tested *May* 1st, 1820, directed to the Court below, and returnable to this Court on the first *Monday* of the present term. The writ and return were filed in the office of the clerk of this Court, on the 26th day of *June*, 1820.

*Collier*, for the defendant in error, now moved to quash the writ of error, on the ground of the statute of limitations, passed *April* 5th, 1817, (sess. 40. ch. 179.) which declares, " that all writs of error upon judgment, in any Court of Common Pleas or Mayor's Court, shall be brought within *five years* after rendering such judgments, and not after." Here the rule for judgment was entered the 20th of *June*, 1815, and the writ of error was filed the 26th of *June*, 1820, so that the five years had elapsed after rendering the judgment. Though the English Courts will not, on motion, quash a writ of error, it is because the statute of 10 and 11 *W.* III. c. 14. contains exceptions of infants and others. (*Tidd Pr.* 1064, 1065.) But our statute contains no exception whatever; and this Court will not look beyond our own statute. (3 *Johns. Rep.* 253.) The statute begins to run from the time of rendering the judgment, and not from the time the judgment roll is signed and filed. (*Arnold* v. *Sandford*, 14 *Johns. Rep.* 417. 424.)

*M'Kown*, contra. The writ of error was tested the 13th of *May*, 1820, and filed the 26th of *June*, and the judgment was docketted the 28th of *June*, 1815, so that five years had not elapsed. But if the period of limitation had elapsed, we contend that the act is clearly prospective and not retrospective. It was passed in 1817, and was a new enactment; for the former statute of limitations was silent as to writs of error to Courts of Common Pleas. Though the act itself contains no words to show the intent of the legislature in this respect, yet the only rational and sound construction of it, is to consider it altogether prospective, and as intended to operate only on judgments rendered after the passing of the act. By any other construction, it would be manifestly unjust and unequal in its operation. Besides, on the principles recognised by this Court in the case of *Dash* v. *Van Kleeck*, (9 *Johns. Rep.* 493. 500.) the statute would be unconstitutional, and void as a retrospective or *ex post facto* law.

*Collier*, in reply, said, that the act was intended to quicken suitors and quiet judgments, and as it contained no words to

the contrary, it must be construed so as to have effect on all judgments then existing, as well as on those to be rendered afterwards.

*Per Curiam.* The case of *Dash* v. *Van Kleeck,* shows that it would be unjust and against the sound principles of legislation, to consider the act as retrospective. It must be deemed prospective merely ; and the motion, therefore, is denied.

Motion denied.