## Isaac D. Amsbry, Appellant, *v.* Roger W. Hinds et al., Respondents.

The last clause of section 1 of the "act to amend the Revised Statutes in respect to highways" (Laws of 1861, chap. 311), which provides, that all highways that have ceased to be traveled or used as such for six years, shall cease to be highways for any purpose, is not limited, by the second section of said act, to highways "laid out and dedicated," but applies as well to highways created by twenty years user. Said clause, however, is not retroactive in its effect, but only applies to such highways as have ceased to be traveled or used for six years after the passage of the act. (Leonard, C., dissenting.)

(Argued May 16, 1871; decided September term, 1871.)

Appeal from judgment of the General Term of the Supreme Court in the sixth judicial district, affirming a judgment for defendants entered upon a verdict. The case is reported below, 46 Barbour, 622. The facts are stated in the opinion.

*G. L. Sessions* for appellant. Effect is to be given to every part of a statute. (Sedgwick on Statutes, 238; 7 Cush., 89; 1 Binney, 601; 5 Hill, 222.) Defendants were bound to prove twenty years continuous user, not merely by a few individuals, but by the public generally. (*Martin* v. *The People*, 23 Ill., 395, 396.) The cesser of a use for a less period than twenty years, accompanied by any acts clearly indicative of an intention to abandon the right, is sufficient to extinguish a right of way. (*Reg.* v. *Chorley*, 12 Jur. [1850], 822; *Ward* v. *Ward*, Eng. Laws, etc., 413; *Crain* v. *Fox*, 16 Barb., 184, 187.) By allowing the road to be fenced and plowed up, the public authorities showed a clear intent to abandon. (2 Wash. on R. P., 82, 83, §§ 56, 57; 16 Barb., 187.)

*L. Seymour* for respondents. The statute of 1861 only relates to highways which have been laid out. (*Doughty* v. *Bull*, 36 Barb., 488; *Tucker* v. *Rankin*, 15 id., 482; Thompson on Highways, 237–241.) The request to charge assumed

what was not true; and the court, not being able to charge in the language of the request, could for that reason refuse. (*Carpenter* v. *Stilwell*, 1 Kern., 61–79; *Wright* v. *Paige*, 3 Keyes, 581, 585, 586; *Le Roy* v. *The Park Fire Ins. Co.*, 39 N. Y., 56.)

LOTT, Ch. C. This is an action of trespass on land of the plaintiff, and the material question litigated on the trial was, whether the *locus in quo* was a highway. It appears to have been conceded that it had never been laid out under any general law or special statute, but it was claimed that it had become such by twenty years user. There was conflicting evidence on that subject, and the jury, under instructions from the court in relation to it, not excepted to by either party, found a verdict for the defendants, and the only question before this court arises on the refusal of the presiding judge to charge, upon the request of the plaintiff's counsel, "that the road not having been proven to have been worked by the public within six years nor traveled or used as a highway for six years, it is to be deemed abandoned."

This request was based on the provisions of an act of the legislature passed in 1861 (Sess. Laws 1861, chap. 311, p. 709), the first section of which amended section 99 of article 4, title 1, chapter 16 of part 1st of the Revised Statutes (the general highway act) so as to read as follows, viz.: "Every public highway and private road already laid out and dedicated to the use of the public, that shall not have been opened and worked within six years from the time of its being so laid out, and every such highway hereafter to be so laid out, that shall not be opened and worked within the like period, shall cease to be a road for any purpose whatever; but the period during which any suit, mandamus, certiorari or other proceeding shall have been or shall be pending in regard to any such highway, shall form no part of said six years; and all highways that have ceased to be traveled or used as highways for six years, shall cease to be a highway for any purpose." The second section declares that, "the provisions of this act

shall apply to every public highway and private road laid out and dedicated to the use of the public within the last six years and to every such highway hereafter to be laid out," and by the third and only other section the act was to take effect immediately. The request was properly refused.

1st. It assumed that there was no proof that the road had been traveled or used as a highway for six years. This assumption was unauthorized. The appellant's counsel concedes that it was shown to have been used as early as 1831. Its use was continued till 1844. From that time it ceased to be used till in 1855. There was evidence tending to prove, and it was sufficient to justify the jury in finding the fact, that its use was then resumed, and that the travel and use had been continuous for two years before the trial, which took place in September, 1865. The act complained of as a trespass is alleged in the complaint to have been committed in April of the same year. This brief reference to the facts shows that the statement in the request, " the road not having been proven  *  *  *  to have been traveled or used as a highway for six years," was unwarranted, and the court for that reason properly refused to instruct the jury, on the basis of such erroneous statement, that the road was abandoned.

2d. The act of 1861 is not applicable to this case. I, however, do not concur in the opinion of the majority of the court below, that the second section thereof, by its terms, *limits* the application of *all* the provisions of the act to public highways and private roads laid out and dedicated to the use of the public, and that an exclusion of highways by user from its operation is therefore implied. The last clause of the first section applies to " *all* highways that have ceased to be traveled or used," etc., while the previous provisions relate only to public highways and private roads *already laid out*, and dedicated to the use of the public, and to such highways thereafter to *be laid out*. This difference or distinction is significant. When the act under consideration was passed, the general law regulating highways recognized the existence of public highways acquired by user for twenty

years, as well as those that had been "laid out and allowed under any law of this State." (1 Rev. Stat., p. 521, § 100.) The last clause of the first section was a new enactment, and is sufficiently comprehensive to include both classes of highways; and it appears to me clear that it is not, and was not intended to be, limited to the highways mentioned in the first clause. If such had been the intention it would have been expressed by the use of the terms *all such* highways, as was done in making the latter part of the first clause applicable to those, and in the exception of the period during which a suit, mandamus, certiorari, or other proceeding had been or should be pending "in regard" to them. It is not necessary to give a construction to the second section of the act. It is sufficient to say that it does not in terms declare that it shall *only* apply to the highways and private roads therein designated, and that such a limitation or restriction is not necessary to give it effect. The views already expressed lead me to the conclusion that the last clause of the first section includes public highways by user.

Assuming such construction to be correct, it remains to be considered whether the clause applies to the road in question. It is claimed in behalf of the appellant, that "by the true reading, this cessation of travel or use, for six years, was made, at the time of the passage of the act, to relate entirely to the past," and that "by no rules of construction can it be made to have any future or prospective application."

I cannot assent to those propositions. Every law is, as a general rule, to be so construed as to operate prospectively, and unless the legislative intent, that it shall act retrospectively, is expressed in clear and unambiguous language, such a construction must be given to it. Broom, in his "Legal Maxims" (4th edition, page 28, marginal paging p. 36) says it is, "in general, true, that a statute shall not be so construed as to operate retrospectively, or take away a vested right, unless it contains an enumeration of the cases in which it is to have such operation, or words which can have no meaning, unless such a construction is adopted." Upon the

application of that rule to the clause in question, it is prospective in its effect. The words, "*have ceased* to be traveled and used," do not, necessarily, relate to the past. It may and should be construed, as declaring that all highways that have ceased to be traveled or used for six years (after the passage of this act) shall cease to be a highway for any purpose. It would be an unreasonable construction of the clause to hold that it was the intention of the legislature to discontinue, immediately on the passage of the act, all highways that had, at any time, for six years previous thereto, ceased to be traveled or used, and yet make no provision for such cessation or non-user in the future. It cannot relate both to the past and future. And it is more consistent with the object of a statute to treat it as prescribing a rule for future action, than at once to deprive the public of a right and privilege they were entitled to, but which they had omitted for a short period to exercise, without giving them any opportunity to resume its enjoyment. The construction I have given to the provision is in harmony with a decision of the Supreme Court in the case of *Bailey* v. *The Mayor, etc., of New York* (7 Hill, 146), in which the meaning of the third section of chapter 324 of the Laws of 1844 came in question. That act was passed on 7th of May of that year, and it took effect immediately. The section was in the following terms: "It shall be lawful for a party to a suit, who shall have obtained a verdict, on a report of a referee, in his favor, to tax interest upon the amount of such verdict or report, as costs, from the time of obtaining the same to the time of perfecting judgment thereon."

The verdict, in that case, was recovered in June, 1843, but judgment thereon was not perfected till the third day of June, 1844, and the taxing officer taxed the interest, as costs, from the time of the recovery of the verdict until the time of the entry of judgment. It was claimed, by the plaintiff's counsel, on opposing a motion by the defendant for the retaxation of the costs, that the interest was chargeable under the said section, but NELSON, J., said: "As the verdict in the present

case was rendered before the act of 1844 was passed, the charge for interest should have been disallowed. Notwithstanding the peculiar phraseology of the section, relied on by plaintiff's counsel, we think it ought not to be so construed as to give it retroactive effect." The same construction was given to the section, in *Bull* v. *Ketchum* (2 Denio, 188), by BRONSON, J., who said : " The statute does not retroact." I will add, in support of the views above expressed, the case of *The People* v. *The Supervisors of Columbia County* (43 N. Y., 130).

Without a further consideration of the question, I am, on the grounds and for the reasons already stated, brought to the conclusion that the judgment appealed from should be affirmed, with costs.

All concur, except LEONARD, C., dissenting.

Judgment affirmed.