## Case No. 16,898.

VAUGHAN v. EAST TENNESSEE, V. & G. R. CO.

[2 Ban. & A. 537; 1 Flip. 621; 11 O. G. 789; 9 Chi. Leg. News, 255; 2 Cin. Law Bul. 39.] [1]

Circuit Court, E. D. Tennessee. Feb. Term, 1877.

PATENTS — EQUITY JURISDICTION — DAMAGES FOR INFRINGEMENT—LIMITATIONS.

1. A bill in equity for a discovery and account of profits arising from the infringement of a patent, will be maintained, although the patent expired before the bill was filed.

[Criticised in Vaughan v. Central Pac. R. Co., Case No. 16,897. Cited in Atwood v. Portland Co., 10 Fed. 284.]

2. An infringer of a patent, who has made profits from such infringement, is chargeable, as trustee, for the use of the real owner.

3. The general rule, that a bill in equity will not be maintained where a party has a remedy by an action at law, is not applicable to patent cases where the bill prays for a discovery and account of profits.

[Criticised in Vaughan v. Central Pac. R. Co., Case No. 16,897.]

4. A bill for a discovery will lie against a corporation, although, in order to compel a discovery under oath, the officers of the corporation must be made parties.

5. Acts of limitation will be construed to operate prospectively only, unless the contrary intention clearly appears.

[Cited in Hayden v. Oriental Mills, 15 Fed. 607.]

[Bill to recover damages for infringement. It alleged an unlawful use of patented brakes on railroad cars of defendant, but as the number of brakes so used were not known to complainant [Daniel W. Vaughan], he prayed for a discovery, and asked for an account for gains made from the use of such brakes. Defendant demurred: 1st—Because, as alleged, complainant had an unembarrassed remedy at law. 2d—That the claim was barred by the statute of limitations.] [2]

A. Caldwell, for complainant.
J. Baxter, for defendant.

BROWN, District Judge. Did the first ground of demurrer—viz., that complainant has a complete remedy at law—depend wholly upon the question whether the bill could be sustained after the expiration of the patent, upon the sole ground of infringement, I should feel compelled, in view of the change made in the patent laws by the Revised Statutes, to sustain the objection. By the 55th section of the act of July, 1870 [16 Stat. 206], which was itself a re-enactment of a like provision contained in the act of 1836 [5 Stat. 117], it is enacted that "all actions, suits, controversies, and cases arising under the patent laws of the United States shall be originally cognizable as well in equity as at law by the circuit court of the United States," etc. And as it to apply beyond any question the equitable jurisdiction of such courts to cases where the patent has expired, there is added at the end of the section a proviso that "all actions shall be brought during the term for which the letters patent shall be granted, or within six years after the expiration thereof." In Nevins v. Johnson [Case No. 10,136], this section was construed as conferring jurisdiction in equity upon the circuit court, irrespective of the right of the plaintiff to an injunction, or of his demand for one. The bill in this case, like the one under consideration, was filed after the plaintiff's patent had expired, and prayed for a discovery and an account, but not for an injunction, and was sustained apparently upon the ground that the section gave complete jurisdiction in equity as well as law.

Although the question was not directly passed upon whether such suit would lie, irrespective of the prayer for a discovery and account, the doctrine here laid down seems to have passed unchallenged until the enactment of the Revised Statutes.

In the revision, the section above quoted was incorporated into sections 629, 711, and 4,921. The first of these confers upon the circuit courts original jurisdiction (9th) "of all suits at law or in equity arising under the patent or copyright laws of the United States." The second makes such jurisdiction exclusive of the courts of the several states. The third provides that "the several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions according to the course and principles of courts of equity," and further reiterates in substance the language of section 55 of the act of 1870, but, by a singular omission, leaving out all reference to the final limitation clause above quoted. There is an obvious distinction between the words used in the act of 1870, that "all actions, etc., arising under the patent laws, etc., shall be originally cognizable as well in equity as at law," and the words above quoted from the Revised Statutes, that "the circuit court shall have original jurisdiction, etc., of all suits at law and in equity arising under the patent laws," etc.

The first evidently contemplated an exception, in favor of patent suits, to the general rule that a bill in equity will not be maintained where there is a complete and adequate remedy at law. The latter vests the jurisdiction subject to this general principle. Not only is a bill in equity to recover damages for an infringement of an expired patent obnoxious to this principle, but also to the express language of section 723, which inhibits suits in equity where such remedy may be had at law.

But I think the bill in this case may be sustained upon the prayer for a discovery and account. Admitting to the fullest extent the rule that a bill will not lie to settle an account upon one side only, it is subject to two important exceptions: First, where a discovery is prayed.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq. and by William Searcy Flippin, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 2 Ban. & A. 537, and the statement is from 1 Flip. 621.]

[2] [From 1 Flip. 621.]

1 Story, Eq. Jur. 458. Second, where the nature of the account is such it cannot be readily investigated in a court of law. 1 Story, Eq. Jur. §§ 452, 455; Corporation of Carlisle v. Wilson, 13 Ves. 278; Fowle v. Lawrason, 5 Pet. [30 U. S.] 495.

In this last case it is said "In all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted." A party who has earned profits by the infringement of a patent is chargeable as trustee for the use of the real owner, and is so denominated in several cases. Birdsall v. Coolidge [93 U. S. 64].

Bills in equity for the infringement of patents have been repeatedly sustained upon these grounds. In Sickles v. Gloucester Manuf'g Co. [Case No. 12,841], the patent expired after suit commenced. but before the hearing, and it was contended that courts of equity entertain jurisdiction of patent and copyright cases only for the purposes of injunction; that the equity for an account is strictly incident to an injunction, and that therefore, if an injunction for any reason cannot be decreed, an account cannot be given, but the plaintiff must resort to a court of law. While admitting this proposition as a correct statement of the general rule, as settled in England, Mr. Justice Grier observes, "the bill needs only to pray a discovery for the purpose of account, and it will be sustained for the account only. See 2 Eden, Inj. (by Waterman) 245."

"The proposition, it is said, cannot be maintained. that a court of equity will not interfere to direct an account when indebitatus assumpsit will lie at law. Nor is the converse of the proposition true, that equity will decree an account in all cases where an action for money had and received, or indebitatus assumpsit, may be brought."

"But whenever the subject-matter cannot be as well investigated in those actions, a court of equity exercises a sound discretion in decreeing an account;" citing Corporation of Carlisle v. Wilson, 13 Ves. 276.

In the subsequent case of Sanders v. Logan [Case No. 12,295], the same judge expressed a doubt whether a court of equity had jurisdiction when the bill exhibited a case where neither an account nor injunction were proper remedies, but only a decree for a certain sum of money, with interest, as fixed actual damage. The opinion apparently contains a negative pregnant. that. if the bill prays for an account, the jurisdiction may be sustained. The case of Imlay v. Norwich & W. R. Co. [Case No. 7,012] was similar to that of Sickles v. Gloucester Manuf'g Co. [supra], and the circuit court of Connecticut quoted and followed the ruling in that case in Perry v. Corning [Case No. 11,-003]. The bill contained no special allegation that a discovery was necessary, and had no special interrogatories annexed to it, but contained the usual general prayer for an answer and an account of profits. A demurrer was interposed because it did not pray either for a discovery or an injunction, but the court held that under the 93d rule it should be considered as a bill for a discovery and account, and the jurisdiction was sustained. See, also. Hill v. Whitcomb [Case No. 6,502]; Hoffheins v. Brandt [Id. 6,575].

We are cited to no authority. sustaining the proposition that a bill for a discovery will not lie against a corporation, although in order to compel a discovery on oath, the officers of the corporation must be made parties, otherwise the answer is put in under the common seal. 2 Story, Eq. Jur. § 1501; 1 Daniells, Ch. Prac. 144; Story. Eq. Pl. § 235; Ang. & A. Corp. § 676. While there are few cases adjudicating directly that a bill of discovery may be maintained against a corporation, such bills are frequently filed, and the absence of any decision that they will not lie leads strongly to the inference that the practice generally accepted is correct. Bevans v. Turnpike, 10 Barr [10 Pa. St.] 174.

Admitting to its fullest extent that a bill for an account cannot be sustained in every case where an action of assumpsit will lie, we do not think it follows that such a bill may not be filed where this action will also lie, in. cases where the accounting is such that it cannot readily be had before a jury. An account of the profits made by the infringement of a patent requiring. as it usually does, a careful investigation of defendant's books, and inquiries into collateral matters, is eminently of this description.

The bar of the statute of limitations is not available as a defence here. Granting that the limitation imposed by the act of 1870 was repealed by the adoption of the Revised Statutes (section 5596), which repeals all prior acts, "any portion of which is embraced in any section of said revision," we think the action in this case is saved by sections 5597 and 5599, the former of which provides that the repeal of prior acts shall not affect any right accrued before the repeal, but all rights under the repealed acts shall continue and may be enforced in the same manner as if said repeal had not been made. It is believed to be a general rule, that acts of limitation will be construed to operate prospectively only, unless the contrary intention clearly appears. Harrison v. Metz, 17 Mich. 377; Watkins v. Haight, 18 Johns. 138; Murray v. Gibson, 15 How. [56 U. S.] 421. In this view it is unnecessary to discuss the mooted question, whether, in the absence of federal legislation, an action for the infringement of a patent is barred by the state statute, or is subject to no limitation at all. An order will be entered overruling the demurrer.

[For another case involving this patent, see Case No. 16,897.]