By the Court.—Arnoux, J.
Until the decision of the court of appeals in the year 1868, in the case of the The People ex rel. Cook v. The Board of Police (39 N. Y. 506), the tendency of the courts in certiorari cases, was to refuse to examine into the evidence or to determine any question beyond that of jurisdiction. This permitted inferior tribunals and magistrates to exercise their powers in an arbitrary, high-handed and unjustifiable manner, and made them more absolute than any court of original jurisdiction. The case above cited brought to the attention of the court an illustration of the despotic action that such boards may take when beyond the reach of review. The relator, Cook, was illegally dismissed from the police force, and prevented from exercising his duties as patrolman. The supreme court declared his removal illegal, and adjudged that he be restored to his position. This order was obeyed, and immediately thereupon he was charged with neglect of duty in being absent without leave. On this charge he was tried by the commissioners who had suspended him, found guilty and sentenced to forfeit his pay during the time of his absence. It was this action of the board that was reviewed by the court of appeals. ¿There able counsel contended that the court was bound by the record. This question was examined with exhaustive research by that distinguished ornament of the bench, the late Judge Woodruff, and the able opinion that he wrote, unanimously concurred in by the other judges of the court, marks a new departure in the law relating to certiorari in this State. This case has been followed, in the cases of The People ex rel. Haines v. Smith (45 N. Y. 772) ; *310 People ex rel. Folk v. The Board of Police (69 Ib. 408); People ex rel. Miller v. The Board of Police (6 Hun, 229) ; People v. Betts (55 N. Y. 600); People ex rel. Clapp v. The Board of Police (72 Ib. 415); People ex rel. Sanders v. Special Sessions (5 T. & C. 260); People ex rel. Freeman v. Hulburt (46 N. Y. 110, 114); People ex rel. Kehlbeck v. Walsh (11 Hun, 292, 293); People ex rel. Sibert v. Police Commissioners (20 Hun, 333).
The law to-day on this subject is well stated in the syllabus of the case above cited in 6 Hun, 229 : “ Up-' on a common law certiorari it is the duty of the court to examine the evidence and determine whether there was any competent proof of the facts necessary to authorize the adjudication, and whether, in making it, any rule of law affecting the rights of the parties has been violated.”
Notwithstanding the fact that the Board of Health had jurisdiction to make the order complained of, under the foregoing decisions, it becomes the duty of this court to examine the proceedings, to ascertain and determine whether the order of the said board was right and proper.
This matter is properly brought before us by writ of certiorari. The cases of People ex rel. Noel v. Board of Health; In re Rosenbaum and In re Meert, were cases of application for mandamus, and were properly denied, because the parties had not obtained the proper writ. They have no application to this c¡rse.
Upon an examination of the record we find that the relator had two children born prior to May 11, 1873, whose names had never been recorded in the bureau of vital statistics. In the year 1873, the Board of Health adopted certain rules, among others, one known as rule No. 49, which is as follows: “No alteration of the records of births, marriages or deaths, or of any papers relating thereto, shall be made without the *311 written order of the board. No alteration whatever shall be made of the records of births, marriages or deaths which occurred prior to May 11,1873 ...” In 1881, the relator applied to the board to have the facts of the births of said children duly entered in the records of said bureau under the provisions of the law of 1880 (ch. 259, p. 389) which enacts that “the births of children which fail to be recorded through the neglect of the physician or other medical attendant present at such birth, may be recorded under and pursuant to the provisions of this act in the bureau of vital statistics of the Health Department of said city, in a special book to be kept for such purpose, upon application in such behalf by the parents or guardians of such children. . . . Such application shall be made to the Board of Health of the Health Department of such city, and shall be accompanied by a certificate of the physician or midwife attending professionally at such birth and personally cognizant thereof, together with the affidavit of at least two citizens, certifying to their knowledge of the facts, and that the physician or midwife making such certificate of birth is a reputable person in good standing in the community in which he or she may reside.” The papers presented to the board, in form complied with the law. Instead of hearing the proofs and passing thereon, the board referred the matter to their counsel, who reported adversely to the application because of said rule 49. The board thereupon denied the application.
The law of 1880 is a remedial statute, and must be liberally construed. It is a rule of evidence, and adjudications respecting retroactive statutes have no application. Therefore, the provision in respect to births of children which fail to be recorded, applies to all unrecorded births, before as well as subsequent to the act. The cases cited by the counsel for the board (Amsbry v. Hines, 48 N. Y. 61; McCahill v. Hamilton, *312 20 Hun, 388 ; Watkins v. Haight, 18 Johns. 138; Burley v. Rampacher, 5 Duer, 188), do not affect this case. Where the proofs are satisfactory, the board, under the law, must record such birth ; for the provision that such births may be recorded, under the principles governing the construction of laws affecting the public, make the duty obligatory where the law has been complied with.
In Lucas v. Ensign (4 N. Y. Leg. Obs. 142), it was held that a statute enacting that a deputy county clerk “ may,” under certain circumstances, “ perform all the duties appertaining to the office of county clerk,” was mandatory and not merely permissive, because . the public and third persons have an interest in having certain acts performed. To the same effect are: Hutson v. Mayor (9 N. Y. 163, 168) ; Mayor v. Furze (3 Hill, 612, 615); Livingston v. Tanner (14 N. Y. 64, 67) ; People v. Supervisors of New York (11 Abb. Pr. 114); Phelps v. Hawley (52 N. Y. 23); People ex rel. Fiske v. Brooklyn (22 Barb. 404) ; People v. Board of Supervisors (56 Barb. 452 ; People v. Supervisors of Greene Co. (5 Hun, 650); People v. Board of Supervisors (51 N. Y. 401); Hagadorn v. Raux (72 N. Y. 583, 586).
If rule 49 therefore were an impediment to granting the petition, it has been abrogated by the act of 1880 (Gormely v. McGlynn, 84 N. Y. 284).
It is insisted that the board has a general discretion to deny this application, by virtue of the closing sentence of the second section of said act, which is in these words : “No change or alteration shall at any time be made in any of the records of the said bureau of records in said city without proof satisfactory to and upon the approval of the said Board of Health.” The learned counsel for the relator claims that the entry applied for is neither a change nor an alteration. But the court would hesitate, if the case turned upon that question, to determine that such an addition did not constitute a *313 change or alteration. Both the counsel for the relator and the counsel for the Board seem to have overlooked the fact that under the law of 1880, unrecorded births belong to a class sui generis, and that the act expressly provides that these entries are to be made in a special book to be kept for such purpose. It does not affect the records heretofore made by the register of records under Laws of 1873, ch. 335, § 81, nor does it make any change or alteration in 'any existing records.
Under the law of 1880, the Board is bound to examine and pass upon the application of the relator, ánd unless proof is offered to contradict the facts alleged in the petition and affidavits, it is bound to grant his petition and make the entries therein prayed for. This duty has not been in any respect performed by said Board, as appears by the return before this court, and the opinion and reason given by the counsel for the Board do not furnish authority for the action of the Board upon said petition.
Judgment for the relator reversing the order of Board, and requiring it to proceed to hear and act upon the petition according to law, with costs.