By the Court.—Sedgwick, Ch. J.
—It is claimed that if the Code had not made a specific provision as to the actions to which section 3268 should be applied, the rule of construction that in general “a statute shall not be so construed as to operate retrospectively, or take away a vested right, unless it contains an enumeration of the cases in which it is to have such an operation, or words which can have no meaning, unless such a construction is adopted” (Broom's L. Max. 4 ed. 28, approved in Amsbry v. Hinds, 48 N. Y. 60), would demand that the section be not applied to actions that were pending when the section became law. It was not claimed that the legislature was without the power to make the provision applicable to pending actions.. The plaintiff had no vested right of property which the constitution would protect. He was not aided by the consideration that might be favorable -to his claim, that the granting of the application might open some proceeding that had given him a substantial right or some adjudication that had been final in Ms favor. The subject of the statute was not new. It was a repetition of a provision of the Revised Statutes (2 R. S. 620, § 1), and related to a remedy in so far as it was a condition of bringing or continuing an action. The proposition is simply that the statute, making no reference to pending actions, shall be intended to refer only to ' future actions. This, however, is not a pertinent consideration when it is perceived that the section does not intend to make its subject actions pending or not pending. Its subject is a proceeding in an action to be taken in the future, and the only reference to actions is that at the time of the future application they must be of the kind, and in the state specified by the section. The statute need not, therefore, be construed to operate retrospectively, to just-'. *97 ify granting the motion below which was made after the statute was passed.
To prevail, then, the appellant must be right in claiming that' from the effect of other sections of the Code, this particular section is not to be appliell in actions begun after September 1, 1877. The argument is that section 3347 regulates and qualifies the application of certain sections of the Code according to the time when actions were begun, that the 4th subdivision of the section declares that certain parts of chapter 5 and the whole of chapter 6, apply only to an action commenced on or after September 1, 1877, in the supreme court, a superior city court, the marine court of the city of New York, or a county court; that subdivision 13, in declaring that in chapter 21, titles first, second and third, in which last title section 3268 comes, apply only to an action in one of the courts specified in subdivision 4, and in omitting to specify the actions to which chapter 21, titles 1, 2 and 3 shall apply as actions commenced on or after September 1, 1877, intends that they shall not be applied to actions commenced after September 1, 1877, but only to actions begun before September 1,1877, the present action having been begun in December, 1877. An inspection of the whole of section 3347.shows that it did not intend to make its discriminations turn only upon the time when actions might have been begun. It also had regard to persons and proceedings. The provision of subdivision 4 referred not only to actions being begun after September 1, 1877, but also to the courts in which they should be commenced. If you assume that subdivision 13 does not intend to refer to the time of beginning actions by implication, then the argument rests upon the consideration that section 3268 went into effect on September 1, 1880. That has been already considered. On the other hand, if any implication was intended by omitting to say that chapter 23 was to be applied to actions begun after September 1, 1877, when subdivision 4 and others had made such an application, that implication would be that chapter 21 was intended to apply not only to actions after that date but *98 also to those begun before it, which of course does not aid the appellant.
I am opinion that the court below had authority to require the plaintiff to give security for costs, but the order should have complied with section 3272, in requiring the plaintiff to pay into court the sum of $250, to be applied to costs, if any, or at his election to give the undertaking specified in the order that was made.
The order should be modified in the respect indicated, without costs to either party.
Truax and O’Gorman, JJ., concurred.