## CRAIN vs. FOX.

Whenever the facts are such as to show clearly an intention, in a person entitled to the use of a *private way,* to abandon the easement, as such, it is sufficient though the obstruction, manifesting such intention, be not of a more permanent character than that created by a board or a rail fence.

So too, it is enough that the way is plowed up, and cultivated for agricultural purposes, if there be evidence of an intention to make the occupation perpetual, for a purpose inconsistent with an enjoyment of the easement.

Erecting a fence, at each end of the way; using the land for agricultural purposes, for a series of years; and removing the house, for the accommodation of whose occupants the way was originally granted ; with the declared intention to sell the premises—showing a fixed and absolute determination to abandon the easement—afford evidence of as strong a character as would be furnished by the erection of a stone wall across it.

Crain v. Fox.

And whenever the intention is manifest, and a jury so find, on evidence competent for them to act upon, the court has no power to set the verdict aside.

THIS was an action brought to recover possession of a private highway, or road, running through the lands of the plaintiff; and was brought to trial at the Herkimer circuit, in May, 1852, before Justice Pratt, without a jury; a trial by jury having been waived. After hearing the proofs and allegations of the parties, the justice found, as a matter of fact, that the premises described in the pleadings, were formerly a private way or road, for the benefit of the defendant, and those under whom he holds; that the same had become unnecessary and useless for that purpose; and that the said defendant, for the last five or six years, had appropriated them to uses entirely inconsistent with its use for a road, with the intention to abandon the same as such private way or road; and that his right thereto had thereby become extinguished. Judgment was therefore ordered for the plaintiff, for the premises described in his complaint. And the defendant, upon a bill of exceptions, now moved for a new trial. The facts appearing on the trial, are referred to in the opinion of the court.

*J. B. Elwood*, for the plaintiff.

*W. Hunt*, for the defendant.

*By the Court*, GRIDLEY, J. This was an action to recover the possession of a piece of land that had been laid out as a private road, through the farm of the plaintiff, near fifty years ago. It is immaterial whether the road was legally laid out or not; as even if it was illegally laid out, it would form the basis on which an adverse use and a prescriptive right to the easement might be founded. It was used as such private way more than twenty years, by the defendant's grantor, and thus became a *private way*. The plaintiff relied on an *abandonment* and *obstruction* of the easement, for a number of years past, and an occupation of it utterly inconsistent with and destructive of its

use as a way, by the defendant; and consequently a loss of the right to enjoy it for the general purposes of agriculture. He proved that there was formerly a house at one end of the way, with no other egress to the public road than through this way. This house had been moved off some twelve years ago; and a barn, belonging to the owner of the house, had been removed six or seven years. For the last six or seven years, the land had been plowed up and planted with potatoes; and it had been mowed, some seasons, and used for general agricultural purposes, like the rest of the farm. It had been *fenced up* at each end; thus presenting a *permanent obstruction* to its use as an easement, while the fence continued. The present defendant had resolved to sell, and offered to sell it to the plaintiff; thus indicating his intention to abandon its use as an easement.

After the testimony was closed, the defendant moved for a nonsuit, on the ground that there was *no period of nonuser proved to have existed for twenty years;* and no act proved *showing a permanent obstruction* and an *intention to abandon it as an easement.* The judge denied the motion; and we think he decided that question right.

After the trial was closed, the judge before whom the cause was tried, without a jury, decided all the questions of fact and law, for the plaintiff, and ordered judgment for the possession. And the question now is, whether that decision was correct. He found, as a question *of fact,* "that the road had become unnecessary and useless for the purpose of a way; that the defendant had appropriated the premises for six or seven years, to uses *entirely inconsistent with their use as a road,* and *with the intention to abandon it as a private way.*" Now unless the decision of this cause in favor of the plaintiff was erroneous, on these grounds thus found, we must affirm the judgment; because there was some evidence to support the finding, and that cannot be questioned, any more than the verdict of a jury. The counsel for the defendant, therefore, insists that where there has not been a *nonuser* for twenty years, proof must be given of some *permanent obstruction,* manifesting an absolute intention to abandon the easement, or the right is not extinguished. And

it must be confessed, that the language of some of the elementary writers does, indeed, favor such a principle. But the rule, as established by the later authorities, is less rigorous than this. Whenever the facts are such as to show clearly an intention to abandon the easement, as such, it is sufficient, though the obstruction be not of a more permanent character than that created by a board or a rail fence. So, too, it is enough that a *way* is plowed up and cultivated for agricultural purposes, if there be evidence of an intention to make the occupation perpetual, for a purpose inconsistent with an enjoyment of the easement. Ch. Kent, says, " If the act which prevents the servitude, be incompatible with the nature or exercise of it, and be by the party to whom the servitude is due, it is sufficient to extinguish it; and when it is extinguished for a moment, it is gone forever." (3 *Kent*, 552.) A fence, like that erected by the defendant at each end of this lane or way; the use of the land for agricultural purposes, for a series of years; the removal of the house, for the accommodation of whose occupants the way was originally granted; with the declared intention of the defendant, to sell the premises; showing a fixed and absolute determination to abandon the easement, afford evidence of as strong a character as would be furnished by the erection of a stone wall across it. And whenever the intention is manifest, and a jury so find, on evidence competent for them to act upon, there is no rightful power in the court to set the verdict aside. In *Corning* v. *Gould,* (16 *Wend.* 545,) Judge Cowen relies on a *fence* erected in the center of a way enjoyed in common by two parties, as an unequivocal act, which manifested an intention on the part of him who erected the fence, to regard the right of way in common as extinguished. For the plain reason that the use of the way in common was rendered impossible by the erection of the fence. So, too, a case reported in the 12th volume of the *Jurist,* and cited in a note to the seventh edition of Kent's Commentaries, (3 *Kent,* 552,) holds that obstructing a way by a gate erected across it, presented what might be regarded as a *permanent obstruction,* inconsistent with its use for the purposes of a way; and indicating an intention to extinguish the easement. The

facts in the case before the court are, in the aggregate, far stronger than in either of the cases last cited. The fence built at each end of the way was only one item of evidence going to show an absolute intention to abandon the easement, and to enjoy the land for other purposes.

It is, however, enough to say that the facts in the case furnished evidence which *tended to show* an absolute intention permanently to abandon the easement. These facts were passed on by the justice; and his finding is as decisive, on a question of fact, as the verdict of a jury. Had we less doubt of the correctness of the decision than we have, it would be impossible for us to disturb the finding of the justice, without subverting the principles on which a decision upon questions of fact has, for the wisest reasons been made to rest.

Judgment affirmed.

[ONEIDA GENERAL TERM, January 3, 1853.    *Gridley, Pratt, W. F. Allen* and *Hubbard,* Justices.]