DELECTA H. WOODRUFF AND AMIRA N. WOODRUFF, APPELLANTS, *v.* SOPHRONIA M. PADDOCK, RESPONDENT.

*Village alley laid out on map — use thereof for twenty years and thereafter disuse for twenty years — extinguishment of public right therein under chapter 311 of 1861.*

Where an owner of land lays it out into village lots and files a map thereof in the county clerk's office, and between two of the lots there is laid out on the map a lane or alley extending from a street, and such alley for some twenty years is used by the public, and thereafter is closed and a gate is erected across it, and its use is abandoned for a period of twenty years, and there is evidence of an intention to abandon the same, the interest of the public in such alley as a public highway is extinguished under the provisions of chapter 311 of the Laws of 1861. *Vanderbeck* v. *The City of Rochester* (46 Hun, 87) distinguished.

Where it appears that simply a right of way in lands is taken for a public highway chapter 311 of 1861 is applicable thereto, while in case the fee of the land is vested in the municipality it is otherwise.

The provisions of the second section of this act are not intended to restrict the application of the previous section, and the effect thereof is not to require that the six years of disuse, which should put an end to the public right, should have already been completed before the passage of the act.

APPEAL by the plaintiffs from a judgment, entered in the office of the clerk of the county of Monroe on the 18th day of July, 1889, adjudging that the plaintiffs have no easement in or title to the strip of land shown on the map of Cornhill tract as an alley on the side of lot 45 ; that the defendant, at the time of the commencement of this action, was the owner in fee, and well seized of the said strip of land, and was entitled to build thereon ; that the plaintiffs recover

of the defendant the sum of four dollars damages for the taking down and destruction of their fence, and that, with the exception of the recovery of the said four dollars, plaintiffs' complaint be dismissed and the injunction granted in the action be dissolved, and that the defendant recover of the plaintiffs the sum of $113.99 as and for her costs of the action.

*Edward F. Wellington*, for the appellants.

*F. E. Drake*, for the respondent.

CORLETT, J.:

In 1826 one Bissell, being the owner of a tract of land (in what is now the city of Rochester), laid the same out into a village plat, known as Cornhill, and filed a map thereof in the Monroe county clerk's office. Upon this map were lots 42, 43, 44 and 45. Between 45 and the other lots, there was a lane or alley extending from Clay street, now Tremont, north to an open field.

In 1856 John Connolly became the owner of lot 45. In March, 1884, the plaintiffs became the owner of that lot. John Connolly became the owner of lot 42 in October, 1845; and the defendant, in November, 1888, through conveyances from Connolly, became the owner of lot 42, including the alley between it and lot 45. It thus appears that the plaintiffs and the defendant obtained title through Bissell, the common owner.

The referee finds that, after the year 1826, the alley was used by the public down to 1846, and that it became by user a public alley. He also finds that, by virtue of deeds, the owners of lot 45, before 1846, acquired an easement over the alley and the title in fee to one-half, subject to the rights of the public and the owners of adjoining lots thereon; that John Connolly became the owner of lot 42 prior to 1846, and continued such until his death in 1888; that between 1846 and 1850 Connolly closed the alley, erected a gate in front of it on Tremont street; that a fence stood on it at its west line, between it and lot 45; that he afterwards planted trees on the strip, and erected coal sheds, and from 1850 down to the time of his death was in the actual possession of the same, claiming to be the owner thereof; that the former alley has been abandoned by the public as a highway or public alley for over forty years before the commence-

ment of this action, and ceased to be a public highway or alley; that when Connolly conveyed lot 45 to Dickson, through whom the plaintiffs obtained title, Connolly was in the actual possession of the strip in question, claiming to own the same, and that title was taken by Dickson with full knowledge of the fact; that it was not intended to convey any interest in the former alley to Dickson, and that Dickson did not understand that he acquired any title or easement to such alley by virtue of such deed; that, from 1850, Connolly and the grantees of lot 42 continued in the open and exclusive possession of said strip; that in April, 1889, the defendant commenced the construction of a building on said strip, to restrain which this action is brought. The referee dismissed the complaint.

The evidence warrants the referee's findings. Affirmative acts of abandonment appear in the case.

In 1874 the board of public works of the city of Rochester was authorized to perform the duties of highway commissioners, and passed an ordinance for opening an alley from Tremont street. Commissioner Cram reported on this subject that, so far as he could ascertain, the lane had been occupied as private grounds for many years, and that an opening of the same would be a convenience to one party and an actual detriment to others. It does not appear that any affirmative action was taken upon this report after its reception; but it does appear that no action was taken to open or use the alley.

It also appears that Tremont street was improved by an asphalt pavement by the city of Rochester under the direction of its highway officers, and a curb was placed between the traveled portion of said street and said alley, thus obstructing the free passage from said highway into the alley.

It is a familiar rule that an encroachment or obstruction placed upon a highway, or the taking of possession by an individual, or fencing it up, will not affect or diminish the public rights in it or prevent its being opened and worked. Also, that the doctrine of adverse possession has no application to public highways. (*Burbank* v. *Fay*, 65 N. Y., 57; *St. Vincent Orphan Asylum* v. *City of Troy*, 76 id., 108.) To the same effect are numerous other authorities; but the public may abandon its claim to a public highway, and non-user for twenty years is some evidence of such intent. When in connection with non-user there is affirmative evidence of

a clear determination to abandon, the public interest is extinguished. (*Crain* v. *Fox*, 16 Barb., 184; *Corning* v. *Gould*, 16 Wend., 531; *City of Peoria* v. *Johnson*, 56 Ill., 45–56; *Amsbey* v. *Hinds*, 46 Barb., 622; affirmed on appeal in 48 N. Y., 57.)

It seems to be assumed by the Commission of Appeals, in the case last cited, that a public highway, whether it was laid out or became such by user or dedication, would cease to be such for any purpose if not traveled or used for six years. There is no claim here that this lane or alley was traveled or used at all as an alley or highway after the passage of chapter 311 of the Laws of 1861. But in this case it appears with sufficient clearness that the public abandoned this lane as a thoroughfare more than forty years before the commencement of this action. The referee's conclusion that it had ceased to be a public highway was correct.

It is the rule that where deeds are delivered and received with reference to a map showing alleys and streets, the right to use the easement attaches as a part of the grant. (*Bridges* v. *Wyckoff*, 67 N. Y., 130.) In construing a deed and what is conveyed, reference must be had to the condition of the premises at the time of the conveyance. (*Mott* v. *Mott*, 68 N. Y., 246; *Lampman* v. *Milks*, 21 id., 505; *Voorhees* v. *Burchard*, 55 id., 104; *Simmons* v. *Cloonan*, 81 id., 557.)

When the conveyance was made to the plaintiff the lane had no existence; it was occupied by the grantor. He was in possession of it as his own property. *Snell* v. *Levitt* (110 N. Y., 595) is an authority showing that, under the circumstances the plaintiff had no interest in this alley. There appears to be no error in the rejection of the evidence to which exception was taken.

The judgment should be affirmed.

Dwight, P. J., and Macomber, J., concurred.

Dwight, P. J.:

I concur in the result reached in this case by Justice Corlett. I think the statute of 1861 (chap. 311) applies to this case, and, under the findings of the referee, is conclusive against the right of the public in the highway in question. The decision in *Vanderbeck* v. *The City of Rochester* (46 Hun, 87), was to the effect that such statute did not apply to streets "*laid out* in the cities of the State,"

that is, where the land is taken in proceedings *in invitum*; and the reason given for the distinction between highways in towns and the streets of a city is that in the former case the public acquires simply a right of way in lands taken for a highway, the fee remaining in the owner, while in the latter case the fee of the land is vested in the municipality by force of the proceedings under its charter to lay out a street; see, also, *Matter of Lexington Avenue* (29 Hun, 303).

In the case of the street or alley in question the right of the public was acquired only by dedication and use, and this in 1826, before the incorporation of the city of Rochester. The public, therefore, I suppose acquired only a right of way in the land, the fee remaining in the owner, and the distinction mentioned does not obtain in this case.

The provision of the statute cited, which applies to this case, is found in the last clause of section 1 : "And all highways that have ceased to be traveled or used as highways for six years, shall cease to be a highway for any purpose."

An attempt has sometimes been made to limit the operation of this and other provisions of the first section of the act by that contained in its second section, which is as follows : "The provisions of this act shall apply to every public highway and private road laid out and dedicated to the use of the public within the last six years, and to every such highway hereafter to be laid out." It seems to me very clear that this provision so far from restricting the operation of previous provisions of the act was intended to extend their application. The legislature seems to have supposed that it might be open to question whether, for example, by the terms of the last clause of the first section, the six years of disuse which should operate to put an end to the public easement in the highway must not have already and completely accrued before the passage of the act, and, accordingly, whether the provision could have any application to highways laid out or dedicated less than six years before the passage of the act, or to those to be thereafter laid out or dedicated; and the legislature seems to have intended to obviate that question by the additional provision of the second section.

Judgment appealed from affirmed, with costs.