HENNESY *v.* MURDOCK.

*(Supreme Court, General Term, Fifth Department. January 22, 1892.)*

EASEMENTS—ABANDONMENT—REVIVAL.

    Where a private lane between two lots was abandoned by the owners, and a line fence built in the center thereof, a subsequent purchaser of one of the lots cannot revive the use of such lane.

Exceptions from circuit court, Cayuga county.

Action of trespass by Catherine A. Hennesy against Archibald R. Murdock. Plaintiff was nonsuited by direction of the court at the close of her evidence in chief, and moves for a new trial on exceptions, to be heard at the general term in the first instance. Motion denied.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Teller & Hotchkiss,* for plaintiff.   *Lyon & Pierce,* for defendant.

MACOMBER, J.   This action was originally brought in the city court of the city of Auburn to recover damages for an alleged trespass. The defendant there interposed an answer, alleging that the title to real estate would come in question upon the trial, and accordingly the case was removed to the circuit court, under the statute. In this court the demand for recovery is in the sum of $500 for an alleged trespass committed on or about the 7th day of June, 1890, by breaking and entering the lands and premises of the plaintiff, and there, and without permission of the plaintiff, erecting a fence on said land, and disturbing the plaintiff in the use and occupation of the lands, a particular description of which is set forth in the complaint. The *locus in quo* was a lane 16 feet wide running between lots 15 and 16, which abut on Washington street in the city of Auburn; thence running westward towards Jefferson street. That this lane once existed for the use of the owners on either side of it admits of no doubt, although it was never a public thoroughfare, or used by the public, or accepted as a street by the city authorities. If, however, this lane had been closed before the plaintiff received her deed, and if the deed to her does not cover the land generally occupied by the lane, we are unable to see how an action of this kind will lie in her behalf. The evidence is entirely consistent throughout to the effect that upwards of 22 years ago the lane was practically abandoned by the abutting owners, who divided the land among themselves by fencing in portions thereof, and building line fences in the center from the rear of defendant's lot to Jefferson street. Subsequently, by the acts of owners, the lane was closed at the Washington end of it. In April, 1881, the premises now owned by the plaintiff were conveyed to one Maria L. Irish. At this time there was nothing to indicate that any lane had ever existed between those lands, (now those of the plaintiff and of the defendant,) or that the space actually occupied as a lane did not belong to and form a part of each of these lots. In the deed to Maria L. Irish no reference is made to the existence of a lane. The conveyance made to the plaintiff was executed on the 6th day of August, 1889, by the then owner, one William O'Neil, the boundaries being stated as follows: "And being a part of lot No. 16 on a map made by James T. Smith and filed in the Cayuga county clerk's office, April 24, 1835, beginning at a point in the west line of Washington street and at the north-east corner of said lot No. 16; thence westerly along the north line of said lot No. 16 two chains;" and so on by metes and bounds particularly specified to the place of beginning. Such also was the description in the deed from Maria L. Irish to the plaintiff's grantor, O'Neil. Under these facts it seems quite clear that Hosmer, while owner of the premises under deed dated December 20, 1865, intended to and did actually abandon any and all easements that he, as the owner at the time of this portion of lot 16, might have enforced in respect to this lane. There can hardly be any more conclusive evidence of the intention of the abutting owners who enjoy equally the right of an intervening lane to abandon the lane than by erecting a fence in the center thereof, and thus inclosing each his proportionate share thereof. If this is once done, as it seems to have been done under the evidence before us, the right to the use of the lane cannot be revived by any subsequent owner of the abutting premises. *Snell* v. *Levitt,* 110 N. Y. 595, 18 N. E. Rep. 370; *Crain* v. *Fox,* 16 Barb. 184; *Corning* v. *Gould,* 16 Wend. 531. The direction, therefore, of the nonsuit made by the circuit appears to be correct, and the motion for a new trial should be denied. Motion for a new trial denied, with costs. All concur.