THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF YONKERS, Appellant, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Compelling a railroad company to take a street across its tracks — chapter* 62 *of Laws of* 1853 *— highways.*

An application by a municipality to compel a railroad company to take a street across its tracks, under the provisions of chapter 62 of the Laws of 1853, is without merit, when it appears that taking the street across the tracks would result in no public benefit, but subserve only private interests, and would subject the people of the vicinity to danger and the railroad company to inconvenience in curtailing its facilities for the operation of its road.

Where a highway is dedicated to the public use, the amendment of 1861 of the Revised Statutes (Laws of 1861, chap. 311), which declares that every public road which is not opened or worked within six years after it is laid out, shall cease to be a road for any purpose whatever, applies.

The fact that a highway has ceased to be a road, by force of said amendment of 1861, is fatal to an application to compel a railroad company to take such highway across its tracks under the act of 1853.

When a railroad company has acquired title to a piece of land sought to be turned into a highway by a municipality, the land cannot be taken by the municipality for such other public use without special legislative authority and compensation to the owner.

A railroad company cannot be required, under the act of 1853, to take a street across its tracks where the tracks are in constant use for storing cars and for freight depot and yard purposes.

APPEAL by the relator, the city of Yonkers, from a judgment of the Supreme Court, rendered at the Westchester Special Term, and entered in the office of the clerk of Westchester county on the 7th day of January, 1893, denying the relator's application for a peremptory writ of mandamus after a trial by the court without a jury of the issues raised by the return to an alternative writ of mandamus.

Among the facts found by the trial judge was one to the effect that some of the tracks across which it was sought to compel the defendant to take the extension of the street in question are used exclusively for storing cars and for freight depot and yard purposes.

*Ralph E. Prime,* for the relator.

*Frank Loomis* and *Ira A. Place,* for the respondent.

PRATT, J. :

This is an appeal from a judgment denying the relator's application for a writ of mandamus, and of costs to the defendant against the relator.

This proceeding was brought by the relator to compel the defendant by writ of mandamus to take Locust street, in the city of Yonkers, across its tracks, under the provisions of chapter 62 of the Laws of .1853. We think it is plain from the evidence and the findings that there is no merit in this application.

It could result, if granted, in no public benefit, but would subserve only private interests ; indeed, the people of that vicinity would be subjected to danger in the operation of the railroad, and the defendant would be subjected to much inconvenience in the curtailing of their facilities for the operation of their railroad.

We also think that the point taken by the defendant that the road in question was not opened or worked within six years from the time of its being laid out was fatal to the application and brought it squarely within the amendment to the Revised Statutes passed in 1861 (chapter 311 of the laws of that year).

It is not necessary to discuss and distinguish the cases which do not seem to be in full accord upon the subject, for the rule seems to be that where a highway is dedicated to the public use the amendment before referred to applies.

The case shows that the defendants had acquired the title to the piece of land sought to be turned into a public highway. Under such circumstances it could not be taken for another public use without special legislative authority and compensation to the owner ; neither can the defendant be required to take the street across its tracks under chapter 62 of Laws of 1853, where the tracks are in constant use, as was proved in this case. (*D. & H. C. Co.* v. *Village of Whitehall*, 90 N. Y. 24; *Prospect P'k & C. I. R. R. Co.* v. *Williamson*, 91 id. 552.)

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred ; DYKMAN, J., not sitting.

Judgment and order affirmed, with costs.