THE EXCELSIOR BRICK COMPANY, Appellant, *v.* THE VILLAGE OF HAVERSTRAW, Respondent.

Under the provision of the Village Incorporation Act (§ 1, tit. 7, chap. 291, Laws of 1870) constituting the board of trustees of a village its commissioners of highways and giving to the board power to discontinue a street, a resolution of the board discontinuing a street is sufficient for that purpose.    The provision of the Revised Statutes (2 R. S. 502, § 2) requiring the certificate of twelve freeholders in order to authorize the discontinuance of a highway by commissioners, does not apply to villages incorporated under said act, and the requirement in the act of a petition of freeholders, applies to the opening or altering of a street, not to the discontinuance thereof.

The provision of the Revised Statutes (1 R. S. 520, § 99; amended by chap. 311, Laws of 1861) which declares that a highway that has ceased to be travelled or used as such " for six years shall cease to be such for any purpose," applies to streets in villages incorporated under the general act.

In an action to restrain defendant, a village incorporated under the general law, from interfering with land to which plaintiff claimed title, it appeared and was found that the land in question was formerly a public street in the village, but the street had been discontinued; that plaintiff's predecessor in interest, who owned lands on both sides of the street, in 1887, after the discontinuance, entered into possession and inclosed the same with his own lands, and occupied and used it in common therewith, claiming title down to 1890, when he conveyed the lands, including the street, to plaintiff, who has since used and occupied the same.  *Held,* that as against defendant, plaintiff's possession was a sufficient title to sustain the action.

(Argued March 15, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1892, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Irving Brown* for appellant. The streets now claimed by defendant were not used by the public for more than six years and parts were never opened, and thus ceased to be public streets for any purpose. (*Horey* v. *Vil. of Haverstraw*, 124 N. Y. 273.) The order of discontinuance was effectual. The General Village Act gave the trustees the power. (Birdseye's Statutes, 3290; *In re Living-ston Street*, 82 N. Y. 621; *People* v. *Hair*, 29 Hun, 125; *Gloucester* v. *Essex*, 3 Met. 379; *Sprague* v. *Waite*, 17 Pick. 315.) It appears distinctly that the plaintiff purchased its property upon the faith of discontinuance of the streets in question by the board of trustees, and it appears that such purchase was made after the passage of that resolution, and it was in reliance upon such discontinuance. If this be so, the village is estopped from setting up the invalidity of its act. (Dillon on Mun. Corp. § 969; *Moore* v. *Mayor, etc.*, 73 N. Y. 238; *Peck* v. *Burr*, 10 id. 294; Bigelow on Estoppel [4th ed.], 525; *Sewell* v. *City of Cohoes*, 75 N. Y. 51.)

*E. A. Brewster* for respondent. The plaintiff has no right to maintain this action, without showing title in itself for the land embraced in that part of Division street where the defendant's acts complained of were done. This the plaintiff failed to do. It expressly appeared that the plaintiff's title ceased at the outer lines of the street. (*K. C. Ins. Co.* v. *Stevens*, 87 N. Y. 287; *Blackman* v. *Riley*, 138 id. 318; Pom. Eq. Juris. § 379.) The resolution of the board of trustees of Haverstraw adopted June 14, 1887, is void. It does not purport to be an alteration of any street or highway. (Laws of 1870, chap. 291, § 1; *People ex rel.* v. *Hair*, 29 Hun, 125.) Commissioners of highways have no power to discontinue a highway without the certificate of twelve freeholders certifying that it has become unnecessary. (1 R. S. chap. 16, tit. 1, art. 1, § 2; Thompson on Highways, 185;

*Town of Galatin* v. *Loucks*, 21 Barb. 578.) The village of Haverstraw is not estopped by the resolution of June 14, 1887, from claiming that Division street is a public highway, and from proceeding to put it in order for public use. (*Driggs* v. *Phillips*, 103 N. Y. 77; *Trenton* v. *Duncan*, 86 id. 221; *Cuyler* v. *City of Rochester*, 12 Wend. 165.)

EARL, J.    The plaintiff commenced this action to restrain the defendant from interfering with its land and causing an irreparable injury thereto, and also to recover damages caused by the defendant thereto. The defendant claimed that the land was in a public street and that it was, therefore, authorized to interfere therewith in the improvement of the street, and upon that ground the complaint was dismissed.

It is not disputed that the land in question constituted a street at some time prior to the acts complained of by the plaintiff, but it claims that the street had been discontinued and had thus ceased to exist. In June, 1887, the trustees of the village of Haverstraw formally adopted a resolution discontinuing the portion of Division street now in question, and the plaintiff claims that that resolution was effectual to discontinue the street. But the court below held that it was ineffectual for that purpose for the reason that the certificate of twelve freeholders was not obtained before the passage of the resolution.

The defendant was incorporated as a village under the general act for the incorporation of villages, chapter 291, Laws of 1870, in section 1, title 7, of which it is provided as follows: " A village incorporated under this act shall constitute a separate highway district within its corporate limits exempt from the superintendence of any one except the board of trustees, who shall be commissioners of highways in and for such village, and shall have all the powers of commissioners of highways of towns in this state, subject to this act, and as such they shall have power to discontinue, lay out, open, widen, alter, change the grade, or otherwise improve roads, avenues, streets, lanes, crosswalks and sidewalks; and

for that purpose may take and appropriate any land in said village ; but no road, avenue, street, lane or sidewalk shall be opened or altered unless all claims for damages on account of such opening or altering shall be released without remuneration except on the written petition of at least ten freeholders residing in said village, which petition shall specify the improvement to be made, describe the land to be taken, state the owner or owners thereof, when known, and shall be filed in the office of the clerk of the village."   This section gives the trustees, as commissioners of highways, full power to discontinue, lay out and alter streets within the village, subject, however, to the limitation that they shall not open or alter any street where the damages have not been released, except upon the written petition of at least ten freeholders residing within the village.  ·It is clear but for that exception that they could open or alter any street without any petition, and the exception does not apply to the discontinuance of a street.  If it had been intended to limit the powers of the trustees to discontinue a street by the condition precedent of the petition of the freeholders it would have been so provided.   In the general laws relating to highways and highway commissioners (2 R. S. 1238, etc., 7th ed.) it is provided that highway commissioners may not, in the cases specified, open, alter or discontinue highways without the certificate of twelve freeholders.   It certainly could not have been the intention of the lawmakers that before any street in this village could be opened or altered, there was not only to be the written petition of the ten freeholders as provided in section one, but also the certificate of twelve freeholders as provided in the the general highway laws of the state.

We think that the special requirement of the petition of the ten freeholders in the case of opening and altering a street indicates very clearly that a street may be discontinued by the trustees without any petition or certificate of freeholders. It cannot be supposed that the legislature would authorize the laying out and altering of a street upon the unsworn petition of any ten freeholders and require the certificate of twelve

disinterested freeholders, summoned and acting under oath, before a street could be discontinued; and this construction of the language used in this section is in harmony with the decisions in *People* v. *Hair* (29 Hun, 125), and in *The Matter of the Village of Rhinebeck* (82 N. Y. 621), where similar provisions in other village charters were construed. The difference in the language used in the charters there under consideration from the language used in the section now under consideration is not sufficient to warrant a different construction.

We think, therefore, that the resolution of the defendant's trustees was effectual to discontinue the portion of Division street now under consideration.

But it had ceased to be a street for another reason. It was found by the trial judge that the part of Division street now in question "had not been used or traveled by the public for more than six years prior to the commission of the acts complained of;" and in the general highway laws of the state (2 R. S. 1249, 7th ed.), it is provided that all highways that "have ceased to be traveled or used as highways for six years shall cease to be a highway for any purpose." In *Horey* v. *Village of Haverstraw* (124 N. Y. 273) that provision was held applicable to a street in that village, and under the authority of that case, upon the finding of the trial judge, this portion of Division street had ceased to be a street prior to the commission of the acts complained of in this action.

But the claim is made on the part of the defendant that the plaintiff had no title to the land upon which the acts complained of were committed, and that, therefore, it could not maintain this action. But the finding of the trial judge is, "that prior to 1887 John Derbyshire became the owner of lands in Haverstraw, N. Y., lying between Rockland street and the Hudson river, and located on both sides of that part of Division street, so called, where some of the acts complained of were committed, and on both sides of Allison street, so called, where other of such acts were committed.

"That about June 14th, 1887, said Derbyshire inclosed

said portions of said streets with his own land by a fence, and entered into the possession of and occupied and used the same under claim of title in common with his adjoining lands down to January, 1890, when he conveyed all of his said lands, and all of his right, title and interest in and to said streets to the plaintiff, who has ever since enjoyed like possession and use;" "that the plaintiff has owned and used its said property as stated in paragraph two of the amended complaint;" and in that paragraph the allegation is "that the plaintiff is and for some time has been the owner of certain lands in said village of Haverstraw, lying between Rockland street in said village and the Hudson river, which lands have during such period been used and occupied mainly for the purpose of carrying on the business of manufacturing bricks and the excavation of materials necessary for use in such business." And he found, as a conclusion of law, that the possession of the plaintiff was a sufficient title, as against the defendant, to the lands embraced within the lines of the streets in question.

While we may look into the evidence given upon the trial for the purpose of sustaining the findings of the court, we are not authorized to look into it for the purpose of reversing findings of fact and law to which no exceptions have been taken; and we must, therefore, take these findings as conclusive for the purposes of the present appeal, and hold that the plaintiff, in the absence of any right whatever on the part of the defendant, had sufficient title and possession for the maintenance of this action.

The judgment should, therefore, be reversed, and a new trial granted, costs to abide event.

All concur.

Judgment reversed.