(155 App. Div. 258.)

ROBINS DRY DOCK & REPAIR CO. v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. February 14, 1913.)

MUNICIPAL CORPORATIONS (§ 657*)—STREETS—EFFECT OF NONUSER.

    Where a city did not actually use property for street purposes for 30 years after acquiring an easement for such purposes, the easement was lost by nonuser, under Highway Law (Consol. Laws 1909, c. 25) § 234, providing that every highway not opened and worked within 6 years from the time it is dedicated to public use, or laid out, and every highway not traveled or used as such for 6 years, shall cease to be a highway; that section being applicable to city streets, where an easement only, and not a fee, is acquired.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 844, 1429, 1496; Dec. Dig. § 657.*]

Appeal from Special Term, Kings County.

Action by the Robins Dry Dock & Repair Company against the City of New York and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

James D. Bell, of Brooklyn (P. E. Callahan, of Brooklyn, on the brief), for appellants.

Wm. N. Dykman, of Brooklyn (H. E. J. MacDermott, of Brooklyn, on the brief), for respondent.

---

HIRSCHBERG, J.   This action was instituted to enjoin the defendants from trespassing upon certain land adjacent to and in part under the waters of Erie Basin in the borough of Brooklyn.   The defendant the city of New York claims an easement for street purposes in the property in question.   The plaintiff and its predecessors in title have been in the actual possession of the property since 1857, under a claim of title based upon various deeds and grants.   A portion of the property is occupied by the plaintiff for its business purposes, and is inclosed or shut off by a fence; and another portion is occupied by the plaintiff's tenants.   While a part of the property is open, permitting access to the waters of Erie Basin, there does not appear to have been any general public use thereof; the user being limited to plaintiff, its tenants, those doing business with them, and a few people who might "wander down there to fish."

The defendants recently prevented the plaintiff's predecessor in title and the plaintiff from erecting a fence upon the property, and have granted permission to contractors to dump earth thereon.   The plaintiff has instituted this action to enjoin the defendants from preventing the erection of that fence and from continuing such alleged trespasses. In their answer the defendants claim that the premises were laid out as a street by chapter 163 of the Laws of 1848, and that in 1876 the then city of Brooklyn "instituted proceedings under its charter to acquire for the city and the public an easement of way for other street purposes, and such proceedings were taken that a final order was entered on or before April 2, 1877."

Neither the city of Brooklyn nor its successor, the city of New York, has actually used the property for street purposes, or graded, paved, lighted, or in any way physically opened the same during the 30-odd years succeeding the acquisition of such easement.   The learned trial justice held that the easement for street purposes had been abandoned by nonuser, and granted the injunction.   I do not think that this was error.

Under the answer interposed, the defendants do not claim a fee in the property in question, but inferentially only an "easement of way." By chapter 311 of the Laws of 1861, since incorporated as part of Highway Law (Consol. Laws 1909, c. 25) § 234, it was provided that every public highway laid out and dedicated to the use of the public, and every such highway thereafter to be laid out, that should not be opened and worked within 6 years, should cease to be a road for any purpose whatsoever.   This statute has been held applicable to the streets of a city, where only an easement, and not the fee, was acquired.   Woodruff v. Paddock, 56 Hun, 288, 9 N. Y. Supp. 381, affirmed 130 N. Y. 618, 29 N. E. 1021; People ex rel. Yonkers v. N. Y. C. & H. R. R. R. Co., 69 Hun, 166, 23 N. Y. Supp. 456; Raynor v. Syracuse University, 35 Misc. Rep. 83, 71 N. Y. Supp. 293, opinion by Hiscock, J.; and City of Buffalo v. Hoffeld, 6 Misc. Rep. 197, 27 N. Y. Supp. 869, opinion by Hatch, J.

Within the principle of the authorities cited, the defendant city of New York, and its predecessor, the city of Brooklyn, have by their 30 years' nonuser lost the easement for street purposes formerly acquired in the property in question.   The cases cited by the learned

counsel for the appellants are not in point. In those cases the fee was taken by the city, so the provisions of the Highway Law regarding nonuser were inapplicable. See N. Y. C. & H. R. R. Co. v. City of Buffalo, 200 N. Y. 113, 119, 120, 93 N. E. 520.

The judgment should be affirmed, with costs. All concur.