(164 App. Div. 839)

In re LUDLOW AVE. AND WHITLOCK AVE. IN CITY OF NEW YORK. (No. 6474.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

1. MUNICIPAL CORPORATIONS (§ 657*)—STREETS—NONUSER—"ABANDONMENT"—STATUTES.

   Highway Law (Laws 1890, c. 568) § 99, and its predecessor (Rev. St. [1st Ed.] pt. 1, c. 16, tit. 1, art. 4, § 99, as amended by Laws 1861, c. 311), providing that every highway, which shall not have been opened and worked within six years after dedication or laying out, shall cease to be a highway, and every highway that shall not have been traveled or used as a highway for six years shall cease to be such, and every public right of way which shall not have been used for such period shall be deemed abandoned as a right of way, are equally applicable to streets in cities and villages as to roads in the country.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 844, 1429, 1496; Dec. Dig. § 657.*

   For other definitions, see Words and Phrases, First and Second Series, Abandon.]

2. MUNICIPAL CORPORATIONS (§ 657*)—STREETS—PROCEEDINGS TO WIDEN—CONDEMNATION OF PROPERTY—ABANDONMENT.

   Highway Law (Laws 1890, c. 568) § 99, and its predecessor, Rev. St. (1st Ed.) pt. 1, c. 16, tit. 1, art. 4, § 99, as amended by Laws 1861, c. 311, providing that every highway, not opened and worked within six years from dedication or laying out, shall cease to be a highway, and every highway not traveled or used as such for six years shall cease to be a highway, etc., were applicable to land condemned to widen a street, where the proceedings were never actually carried out, and the land sought to be taken was never in fact used for street purposes; the rights of the public therein having been abandoned by such nonuser after six years.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 722, 844, 1429, 1496; Dec. Dig. § 657.*]

Appeal from Special Term, New York County.

In the matter of proceedings by the City of New York to acquire the fee in certain property to improve Ludlow Avenue, Whitlock Avenue,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the public place at the intersection of Whitlock Avenue, Hunt's Point Road, and the Southern Boulevard, etc. From an order denying a motion to confirm the report of commissioners of estimate as to certain parcels of the land, and returning the report to said commissioners with instructions, Schwartz, a property owner appeals. Reversed.

See, also, 163 App. Div. 887, 147 N. Y. Supp. 1124.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING and HOTCHKISS, JJ.

Benjamin Trapnell, of New York City, for appellant.
John J. Kearney, of New York City, for respondent.

SCOTT, J. The appellant owns a parcel of land sought to be acquired in this proceeding, upon which he has made substantial improvements, and for which the commissioners of estimate have made a substantial award. The city of New York, while conceding that appellant owns the plot in fee, claims that it is so incumbered with easements for street purposes that appellant's fee is of merely nominal value. This view is upheld by the order appealed from. We are advised by the briefs that there are a number of other lots involved in this proceeding as to which the same questions arise, and as to which it has been stipulated that the ultimate decision upon this appeal shall be controlling.

One purpose of this proceeding is to acquire title to an avenue 100 feet wide, to be known as Ludlow avenue, extending from Tremont avenue to Whitlock avenue, in the borough of the Bronx, in the city of New York. The northerly 50 feet of the property to be acquired was laid out, under the name of Sixth street, as a public street on a map filed in 1852, known as the map of Unionport, and has been so used from that date. It is not disputed but that this land is so impressed with easements for street purposes that its fee value in this proceeding is merely nominal. The appellant's property, with which this appeal is concerned, is part of a strip of land 50 feet wide lying adjacent to and directly north of the strip above referred to as Sixth street. Appellant acquired the property in 1892, at once improved it by the erection of a building, and has occupied it and paid taxes upon it ever since. The city's claim is based upon a statute passed in 1869 (Laws 1869, c. 720), when the property was included in the town of Westchester, and upon the proceedings taken under that statute.

The statute in question appointed a commission to lay out a road or highway, to be known as the Eastern Boulevard, within said town of Westchester, and provided for the acquisition by said town of the land necessary for the highway so laid out. The commissioners thus appointed laid out a highway coincident as to its boundaries with Ludlow avenue, described in this proceeding, and such further proceedings were had as were prescribed by the statute to acquire the lands thus appropriated to the highway. It is conceded that the utmost effect of these proceedings, assuming their validity, was to vest in the town of Westchester, to whose rights the city of New York has succeeded, an easement for the use of the property for highway purposes. Bradley v. Crane, 201 N. Y. 14, 94 N. E. 359. The purpose of this proceeding is to acquire the fee of the land within the lines of the avenue, and the

answer to the question as to whether or not the public ever acquired, and the city still owns, the easement, is determinative of the question whether or not this appellant, and others similarly situated are entitled to substantial or merely nominal damages.

Plaintiff's property, then owned by his predecessor in title, John Farrell, was included in the proceedings taken under the act of 1869, and said Farrell was awarded the difference between the estimate of value of the plot taken and the assessment for benefit laid upon the property remaining to Farrell. There is no evidence that this award was ever paid. It is undisputed, and clearly established by the evidence, that so much of the Eastern Boulevard, as laid out under the act of 1869, as comprised the ·50-foot strip which included appellant's property, was never regulated as a highway and never traveled by the public, but, on the contrary, remained in private possession and occupancy until condemned by the city of New York in this proceeding on August 15, 1910, a period of over 40 years. During all that period the appellant and those under whom he claims have been in open, continuous, and undisturbed possession of the plot in question. ·

The appellant rests his claim to a substantial award upon two contentions: First. Assuming that, by the proceedings taken under the act of 1869, an easement was validly acquired to use the land in question as a public highway, that right has been lost under the provisions of section 99 of the Highway Law, and its predecessor, section 99, art. 4, tit. 1, c. 16, of the Revised Statutes, as amended by chapter 311 of the Laws of 1861. Second. That no easement over his property was ever legally acquired, because of the invalidity of the act of 1869.

The section of the Revised Statutes above referred to reads as follows:

"Every public highway and private road laid out and dedicated to the use of the public, that shall not have been opened and worked within six years from the time ·of its being so laid out, and every such highway hereafter to be laid out that shall not be opened and worked within the like period, shall cease to be a road for any purpose whatever, but the period during which any suit, mandamus, certiorari or other proceeding shall have been or shall be pending in regard to any such highway shall form no part of said six years, and all highways that have ceased to be traveled or used as highways for six years shall cease to be a highway for any purpose."

As re-enacted in the Highway Law (chapter 568, Laws 1890), the statute reads as follows:

"Every highway that shall not have been opened and worked within six years from the time it shall have been dedicated to the use of the public or laid out, shall cease to be a highway; but the period during which any action or proceeding shall have been or shall be pending in regard to any such highway shall form no part of such six years; and every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway," and every public right of way that shall not have been used for said period shall be deemed abandoned as a right of way. "The commissioners of highways shall file and cause to be recorded in the town. clerk's office of the town, written description, signed by them, of each highway" and public right of way "so abandoned, and the same shall thereupon be discontinued."

[1] It is well settled that these acts are equally applicable to streets within as to roads without the confines of a city or village. City of

Buffalo v. D., L. & W. R. R. Co., 68 App. Div. 488–506, 74 N. Y. Supp. 343, affirmed 178 N. Y. 561, 70 N. E. 1097; Robins Dry Dock Co. v. City of New York, 155 App. Div. 258, 140 N. Y. Supp. 96. It is also well settled that, if the failure to work or travel the highway had applied to a longitudinal portion of the highway for its entire width, the right to use would have been lost under the statute. Beckworth v. Whalen, 70 N. Y. 430; Horey v. Village of Haverstraw, 124 N. Y. 273, 26 N. E. 532; Excelsior Brick Co. v. Village of Haverstraw, 142 N. Y. 146, 36 N. E. 819.

[2] It is claimed, however, on the part of the city, that the statute has no application where, as in the present case, that which is not worked or used is but a part of the highway running along by the side of that portion which is actually used. On principle we do not consider that this claim can be allowed. What was sought to be done by the act of 1869 and the proceedings taken under it was to widen Sixth street from a road 50 feet wide to one of double the width. It was to effect this widening that easements were undertaken to be acquired over appellant's land. The project was never carried out. The 100-foot road was never worked or traveled; the easements acquired from appellant's grantor were never used. This made out a complete case of nonuser, which under the statute is to be treated as an abandonment. It is the fact of nonuser which establishes abandonment. As was said by the Court of Appeals in N. Y. Cent. & Hudson River R. R. v. City of Buffalo, 200 N. Y. 113–119, 93 N. E. 520, 521:

"The period of six years mentioned in the statute is a limitation upon the life of an unused easement. When an easement is acquired by purchase or otherwise, by which a street can be opened and worked across a piece of land, such land does not thereby become a street in fact for public use until it is opened, and it is such an easement, consisting of a right to open and work a highway, which is deemed abandoned if not exercised within six years."

This is not a case of partial use of an easement, as might occur if the public acquired the right to use a strip 50 feet wide, but actually used only 30 feet. Here the public already owned an easement over the northerly 50 feet, and was using it when the act of 1869 was passed. What it sought to acquire from appellant's grantors was an additional and independent easement over land not then used as a road, and this easement it never used even partially. The distinction is indicated in the opinion of Cullen, J., in Mangam v. Village of Sing Sing, 26 App. Div. 469, 50 N. Y. Supp. 649, affirmed on opinion below 164 N. Y. 560, 58 N. E. 1089. In that case the court held that the mere failure to work the entire width of a highway did not necessarily involve the abandonment of the easement over the part of the land not so worked, but the opinion went on to say:

"Though, as already stated, the statute contemplates a case of the nonuser of a part of the route of the highway as distinguished from a part of its width, we do not say that there might not be a lateral change or abandonment of the highway that would fall within its terms. A highway might be shifted to the side in such a manner and to such an extent as to leave a part of the old location abandoned."

The city places much reliance on Walker v. Caywood, 31 N. Y. 51. That case, however, is easily distinguishable from the present upon

its facts. That was the case of a failure to work a village street to its full width, owing to slight encroachments on the part of the abutting owners upon the line of the street as legally laid out. The court held that by tacitly permitting these slight and irregular encroachments the public had not abandoned and lost the right to use the land covered by the encroachments, the remainder of the highway having been continuously worked and traveled. It appeared that the road had been altered in 1823, but the precise nature and extent of the alteration was not shown. On this subject the court said:

"If it had appeared that only the parcel of ground sought to be taken into the traveled portion of the street by the acts of the defendants in removing the fence of the plaintiff and the other proprietors, in 1858, was the whole which was included in the alteration of 1823, a question of a different character would have been presented. If, by the terms of the alteration, the only change in the pre-existing road was to add to its width the narrow strip of land now in controversy, then, inasmuch as that land was never opened or worked during the space of more than 30 years which followed its appropriation, it might perhaps be considered as having been abandoned or become obsolete within the spirit of the statutory provision, which declares that highways laid out but not opened or worked within six years thereafter, shall cease to be roads."

We are now called upon to decide the question thus tentatively dealt with by Justice Cullen and Judge Denio, and we do not hesitate to express the opinion that, under the circumstances of this case, it is controlled by the provisions of the Highway Law and the Revised Statutes quoted above, and that the public right to the easements over appellant's land, acquired or sought to be acquired under the act of 1869, has been lost by nonuser, and that appellant holds his land freed from such easement.

As our conclusion upon this point will necessitate the reversal of the order appealed from and the confirmation of the report, it will not be necessary to examine the claim of invalidity asserted against the act of 1869, as to which we express no opinion.

It follows that the order appealed from must be reversed, with $10 costs and disbursements to appellant, and the report of the commissioners of estimate confirmed. All concur.