Fboessel, J. (dissenting).
I dissent and vote to reverse. Except as to an admitted 450-square-foot encroachment, for which no damages were allowed, the Court of Claims held that the State acquired a 6-rod, or 99-foot, right of way simply because the statute authorized the Turnpike Company (a private corporation for private gain [Matter of Rochester Elec. Ry. Co., 123 N. Y. 351, 356-357]) to lay out a road of that width. This position strikes me as completely untenable, since the same statute required the company to purchase or condemn needed land, where it was necessary to deviate from the G-enesee Road. Seneca Turnpike (now a part of Route 20) did, in fact, deviate from the Genesee Road along the route now in question; and the State introduced no evidence whatever that the company had purchased or condemned land, along the deviation, to a width of 99 feet.
I agree with the reasoning of the court in Marvin v. Pardee (64 Barb. 353, 358) that the Seneca Turnpike statutes were not “ intended to effect a transfer to the company of the title to land, which it had not obtained in one of the prescribed methods. The title to land is not thus ‘ adjudged and taken ’ from one party and vested in another ” (emphasis in original). Whether or not the applicable statutes required the Turnpike Company to file a map or survey, they all prescribed two methods for the acquisition of needed property, namely, purchase or condemnation. Hence the State was obliged to show that a 99-foot right of way had actually been laid out and pursuant to such statutory authorization.
The prevailing opinion holds that the State acquired a 99-foot right of way by prescription, and notwithstanding the fact that it never used anywhere near 99 feet. In 1912 the road was a ¡narrow, two-lane dirt road, later covered by gravel; in 1928 it *241 consisted of a macadam pavement 12 feet in width. After the county, pursuant to State authority, acquired right of way parcels in the vicinity of appellants ’ property, all of which, as found by the trial court, were located in whole or in part within the 99-foot right of way, the county turned the highway over to the State, when it was widened to 20 feet, and remained so until 1952. Although the majority do not question the general rule that property may be acquired by prescription only to the extent it is actually used, they point to an exception apparently recognized in Montana and Maine, and reason that the company having acted “ under color ” of a statute authorizing the laying out of a 99-foot right of way, it follows that the State “ acquired a right of way by prescription to a width of 99 feet as. provided for in the statute.”
The difficulty with this argument is that the statute did not give the company a 99-foot right of way, but simply authorized it to lay out a road that width and acquire the necessary land by purchase or condemnation. To say that the State can acquire a 99-foot right of way by prescription simply by authorizing a road that width, and then having the private road company deviate and lay it out at a considerably lesser width without compensation or condemnation, is to sanction bald confiscation and violate appellants’ constitutional rights. This statute could not constitute “ notice ” as the majority maintain in justification of the confiscation here sanctioned. The only landmark mentioned in the statute which could serve to inform one of the route of the proposed highway was the Genesee Road. But at issue here is a deviation from that road, the nature and course of which deviation the statute in nowise indicates. Nor do any of appellants ’ title documents militate against his claim. Walker v. Caywood (31 N. Y. 51) is clearly inapposite in this case.
As to the issue of abandonment, we do not reach it if the State failed to prove it or its predecessors ever lawfully acquired a 99-foot right of way. While it may be argued that the State in failing to lay out a lawfully acquired road to its full authorized width does not thereby lose a portion of it by abandonment, we are here faced with a situation where the road was not lawfully acquired; hence nonuser is fatal (Matter of City of New York [Ludlow Ave.], 164 App. Div. 839; Gucker v. Lewis, 249 App. Div. 858; Cobb v. County of Monroe, 8 A D 2d 755). As already noted, no portion of the road here involved was ever opened to *242 its full width as authorized 150 years ago, there was a definite deviation, no map or survey was ever filed showing a 99-foot easement, the visible markers on the road for over 20 years preceding the 1952 reconstruction indicated a two-lane road bounded by fences, and the county, pursuant to State authorization, purchased land in 1928 located within the 99-foot right of way now claimed by the State. If an abandonment—assuming it was involved here—was not made out, then it seems to me it could never be made out.
Accordingly, the judgments appealed from should be reversed, and the ease remitted to the Court of Claims for the assessment of damages, with costs to appellants.
Chief Judge Desmond and Judges Fuld, Van Voorhis and Burice concur with Judge Dye; Judge Froessel dissents in an opinion in which Judge Foster concurs.
In each action: Judgment affirmed.